**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0643, <u>The Executive LLC v. Jennifer Blanchette & a.</u>, the court on March 19, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order. See <u>Sup. Ct. R.</u> 20(2). The defendants, Jennifer and Christopher Blanchette, appeal an order of the Circuit Court (<u>Greenhalgh</u>, J.) issuing the plaintiff, The Executive, LLC, a writ of possession. We reverse.

The following facts either were found by the trial court or derive from the record submitted on appeal. Defendants leased an apartment unit in Berlin, New Hampshire that, according to the final order, is classified as restricted property. See RSA 540:1-a, I-II (2021). The trial court determined that eviction was permissible because "landlord [is] not renewing lease and lease expired."

Possessory actions require landlords who lease "restricted property" to bring an eviction for cause. RSA 540:2, II (2021). The statutory bases that constitute "cause" do not include expiration of a lease. RSA 540:2, II. Although RSA 540:2, II(e) allows eviction for "other good cause," which the trial court found existed here, in <u>AIMCO Properties, LLC v. Dziewisz</u>, 152 N.H. 587 (2005), this court held that expiration of the lease alone does not constitute good cause for an eviction from restricted property. See <u>also</u>, <u>e.g.</u>, <u>Kalikuddy v. Alicea</u>, No. 2021-0218 (non-precedential order at 2), 2021 WL 6333055 (N.H. Dec. 20, 2021) ("[T]he only reason the landlord gave for terminating the tenancy is that the lease expired, which suffices to terminate a tenancy involving nonrestricted property, but does not constitute good cause sufficient to terminate a tenancy involving restricted property."); <u>Berkovich v. Jakubowski</u>, No. 2014-0095 (non-precedential order at 1), 2015 WL 11071118 (N.H. Jan. 23, 2015) ("[E]xpiration of a lease, by itself, does not constitute good cause for an eviction as required by RSA 540:2, II").

Because the record before this court does not suggest that the trial court premised its RSA 540:2, II(e) "other good cause" determination upon any finding other than the expiration of the parties' lease and the landlord's desire not to renew, the basis for the court's order does not satisfy RSA 540:2, II, and is therefore reversed. See Rule 16-A ("A plain error that affects substantial rights

may be considered even though it was not brought to the attention of the trial court or the supreme court.").

Reversed.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,**<br>**Clerk**